NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3026

CONNIE M. FIORI,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Connie M. Fiori, of Raleigh, North Carolina, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3026

CONNIE M. FIORI,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752060107-B-1.

_____

DECIDED:  June 4, 2008

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Petitioner Connie M. Fiori appeals from a decision of the Merit Systems Protection Board sustaining her removal by the United States Postal Service following a violation of a last chance agreement.  We <u>affirm</u>.

_____

[*]    Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

Ms. Fiori is a preference-eligible veteran who was employed as a Postal Service mail handler. In May 2004, the Postal Service proposed removing Ms. Fiori from her position for consuming alcohol while on duty. In June 2004, the Postal Service and Ms. Fiori entered into a last chance agreement in which the Postal Service agreed not to remove her at that time, while Ms. Fiori acknowledged that the charges were true and that the penalty was appropriate. She also agreed to submit to random drug and alcohol tests for a two-year period and agreed that a positive test during that time would constitute a breach of the last chance agreement, which would be grounds for her immediate removal. On August 4, 2005, following a random drug and alcohol test, Ms. Fiori tested positive with a blood alcohol level of 0.078 percent. In the course of an investigative interview, she asserted that she did not violate the last chance agreement, apparently because she disputed the validity of the test. The Postal Service, however, proposed to remove her for violating the last chance agreement based on the results of the test. Ms. Fiori was then placed on emergency suspension from August 4, 2005, until October 28, 2005, her effective removal date. During that period, she was on a combination of accrued leave, paid administrative leave, and unpaid administrative leave.

Ms. Fiori appealed to the Board, but the administrative judge who was assigned to the case dismissed the appeal for lack of jurisdiction because "the record contained nothing to suggest that the [last chance agreement] was invalid for any reason," and because Ms. Fiori's decision to sign the last chance agreement "did not constitute duress or coercion." In December 2006, the full Board reversed and remanded for

adjudication on the merits. On remand, the administrative judge ruled that the last chance agreement was valid, that Ms. Fiori had violated the terms of the agreement, and that removal was an appropriate penalty. However, the administrative judge reversed the Postal Service's decision to place her on unpaid status prior to the effective date of her removal. The full Board denied her petition for review.

DISCUSSION

Ms. Fiori contends that the positive blood alcohol test was not hers because she arrived at work at 10:30 a.m. and the test bears a 10:24 a.m. timestamp. She argues that the machine must have been set correctly because five months had passed since the date for changing clocks to daylight savings time.

Contrary to her contention, substantial evidence supports the Board's findings. The Board noted that Ms. Fiori did not dispute having taken a blood alcohol test that morning at the direction of the USPS at the facility where the positive test results were obtained, that she signed a "piece of paper" containing the test results, and that it is her signature on the printout bearing the results. The Board also found that she "averred that she was shown only one 'test slip' by the technician." The technician who performed the test testified that the discrepancy regarding the time was due to the fact that the clock on the testing machine had not been adjusted for daylight savings time. The Board observed that the technician's testimony is consistent with Ms. Fiori's contention that she took the test about an hour later than the time listed on the test slip. The technician also testified that he verified the test results with Ms. Fiori and witnessed her sign the result slip, and that Ms. Fiori was the only person he tested that day. The Board credited the testimony of the technician and based its decision in part on that

credibility determination. Such determinations are virtually unreviewable on appeal. See J.C. Equip. Corp. v. England, 360 F.3d 1311, 1315 (Fed. Cir. 2004). We therefore conclude that the Board's findings are supported by substantial evidence.

Ms. Fiori also appears to contest the reasonableness of removing her for violating the last chance agreement. She contends that the length of her service and her otherwise good work record should have mitigated the penalty of removal. This court has explained, however, that we cannot disturb the penalty chosen by the agency unless it is "so 'outrageously disproportionate' to the charged offense in light of all relevant factors as to constitute an abuse of discretion." Bryant v. Nat'l Sci. Found., 105 F.3d 1414, 1416 (Fed. Cir. 1997) (citations omitted). In assessing the reasonableness of the penalty, the administrative judge considered the relevant factors set forth in Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981). The administrative judge noted that the last chance agreement provided for Ms. Fiori's removal if she violated the agreement, that the deciding official found that she lacked rehabilitative potential, and that it was permissible for the Postal Service to reject a lesser penalty given the agency's conclusion that she lacked rehabilitative potential and in light of the seriousness of the charge. The administrative judge found that Ms. Fiori was "unremorseful and has made no indication that she would change her behavior if the penalty were mitigated," and noted the inherent dangers of working around heavy equipment in a mailroom while under the influence of alcohol. Although the administrative judge did not specifically mention Ms. Fiori's work record, it was not required to refer explicitly to that factor. Wynne v. Dep't of Veterans Affairs, 75

M.S.P.R. 127, 135 (1997). Based on the evidence before the Board, we cannot find that the Board's decision outrageously disproportionate to the charged offense.

Finally, in her informal reply brief, Ms. Fiori asserts that the original charge of alcohol consumption was false and that she signed the last chance agreement under duress. Those assertions are unsupported by any evidence, however, and as such they do not provide a basis for reversing the Board's decision. We therefore uphold the Board's decision sustaining Ms. Fiori's removal from her position.